IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02698-ZLW

JOSHUA D. MOORE,

    Applicant,

v.

ANGEL MEDINA, Warden, L.C.F.,

    Respondent.

**F I L E D**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 1 6 2010

GREGORY C. LANGHAM
CLERK

---

## ORDER GRANTING MOTION TO RECONSIDER

---

    Plaintiff, Joshua D. Moore, a state prisoner who is in the custody of the Colorado Department of Corrections (DOC), filed a *pro se* motion titled, "Motion to Amend/Alter Order of Judgment and Dismissal," on January 29, 2010. Respondent submitted a Response to the Motion on February 12, 2010. Mr. Moore filed a Reply on March 2, 2010.

    The Court must construe the motion liberally because Mr. Moore is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The "Motion to Amend/Alter Order of Judgment and Dismissal," therefore, will be construed as a Motion to Reconsider and will be granted for the reasons stated below.

    A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243

(10th Cir. 1991). Mr. Moore filed the Motion to Reconsider within twenty-eight days after the Order of Dismissal and the Judgment were entered in the instant action. The Court, therefore, finds that the Motion to Reconsider is filed pursuant to Rule 59(e). *See* Fed. R. Civ. P. 59(e).

The three major grounds that justify reconsideration are (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. ***See Servants of the Paraclete v. Does***, 204 F.3d 1005, 1012 (10th Cir. 2000).

Mr. Moore initiated this action by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 on November 17, 2009. In the Application, Mr. Moore challenges his Colorado Code of Penal Discipline (COPD) conviction for inciting to riot. On November 19, 2009, Magistrate Judge Boyd N. Boland directed Respondent to file a preliminary response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies. Respondent submitted a preliminary response on December 4, 2009, wherein Respondent asserted that Mr. Moore failed to exhaust state court remedies because he did not present his claims to the Colorado Supreme Court (CSC). Mr. Moore did not file a Reply.

On January 21, 2010, the Court entered an order dismissing Mr. Moore's Application without prejudice for failure to exhaust his state court remedies. In doing so, the Court noted that it was clear that Mr. Moore had presented his claims to the

Lincoln County District Court and the Colorado Court of Appeals (CCA), but failed to obtain judicial review of the CCA's decision by the CSC.

In the Motion to Reconsider, Mr. Moore first asserts that he was never served with a copy of the Respondent's preliminary response, depriving him of his opportunity to file a reply. Secondly, he argues that Colorado Appellate Rule 51.1(a) should apply to his claims, such that he is not required to present his claims to the CSC in order for the claims to be considered exhausted. In the response, Respondent concedes that Mr. Moore was not served with the Preliminary Response, noting that Mr. Moore's mailing address was incorrectly listed by Respondent. However, Respondent also asserts that Colorado Appellate Rule 51.1(a) is inapplicable to Mr. Moore's claims, because Mr. Moore's COPD conviction is neither a criminal, nor a post-conviction relief, matter.

Colorado Appellate Rule 51.1(a) provides that:

> In all appeals from criminal convictions or post-conviction relief matters from or after July 1, 1974, a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error. Rather, when a claim has been presented to the Court of Appeals or Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies.

Colo. App. R. 51.1(a).

As Respondent points out, however, Mr. Moore's Application challenges his COPD conviction for inciting to riot. Application at 2. A conviction for violation of a prison regulation is an administrative action, not a criminal conviction. *See, e.g., Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) ("Prison disciplinary proceedings are not part

3

of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply"). In addition, Mr. Moore's COPD conviction does not appear to be a post-conviction relief matter, because pertinent grounds for post-conviction relief pursuant to Colorado Rule of Criminal Procedure 35(c) include allegations that defendant's criminal sentence was imposed in violation of the Constitution or the laws of the United States. *See* Colo. R. Crim. P. 35(c); ***Naranjo v. Johnson***, 770 P.2d 784, 787 (Colo. 1989). Here, Mr. Moore asserts that his COPD conviction violated his right to due process because it was supported by insufficient evidence and because he did not receive notice of an administrative rule change. Application at 3. Such a claim does not challenge his underlying criminal sentence nor does it seek to set aside his criminal conviction. Therefore, it is not properly brought pursuant to Colorado Rule of Criminal Procedure 35. Accordingly, the Court finds that Colorado Appellate Rule 51.1(a) is inapplicable to Mr. Moore's action because this action cannot be classified as an appeal from a criminal conviction nor a post-conviction relief matter. *See* Colo. App. R. 51.1(a).

Finally, it is clear that Mr. Moore was not served with the Respondent's Preliminary Response. However, the Court finds that Mr. Moore has not suffered any prejudice from this failure on the part of Respondent. Mr. Moore has now raised, and the Court has fully considered, the argument that his failure to exhaust should be excused based upon Colorado Appellate Rule 51.1(a).

Therefore, after reconsideration of the Order of Dismissal entered on January 21, 2009, and the arguments presented here, the Court finds that Colo. App. R. 51.1(a)

4

does not excuse Mr. Moore's failure to present his claims to the Colorado Supreme Court. As such, Mr. Moore's claims are unexhausted, and Mr. Moore remains required to exhaust state remedies before he may pursue his claims in a habeas corpus action in this Court. *See Wilson v. Jones*, 430 F.3d 1113, 1118 (10th Cir. 2005).

Mr. Moore is reminded that the instant action was dismissed without prejudice, and he may, if he desires, seek to file a new action after exhausting his state court remedies. The Court expresses no opinion as to the timeliness of such an action. Accordingly, it is

ORDERED that the "Motion to Amend/Alter Order of Judgment and Dismissal," filed on January 29, 2010, is granted. It is

FURTHER ORDERED that the habeas corpus application is denied and the action is dismissed without prejudice for failure to exhaust state remedies as set forth in the January 21, 2010, Order of Dismissal, and as supplemented in this order.

DATED at Denver, Colorado, this __16th__ day of __March__, 2010.

BY THE COURT:

Christine M Arguello

_____
CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02698-ZLW

Joshua D. Moore
Prisoner No. 91246
Limon Correctional Facility
49030 State Hwy. 71
Limon, CO 80826

Jennifer S. Huss
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 3/16/10

GREGORY C. LANGHAM, CLERK

By: _____
             Deputy Clerk